Argued March 29, affirmed April 29, petition for reconsideration
denied June 6, petition for review denied June 18, 1974

STATE OF OREGON, *Respondent, v.* BERNARD
VERNON PATRICK (No. C 73-06-1730 Cr),
*Appellant.*

521 P2d 1311

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

## TANZER, J.

Defendant appeals from a conviction of compelling prostitution, ORS 167.017,[1] on the ground that the testimony of the alleged compellee was not corroborated as required by ORS 167.022 which provides:

> "A person shall not be convicted under ORS 167.012 or 167.017 solely on the uncorroborated testimony of the person whose prostitution he is alleged to have promoted or compelled."

The victim testified as follows: After working for several days for a different pimp, she met defendant and agreed to work for him as a prostitute. She was not particularly successful in her trade, however, and expressed a desire to cease being a prostitute. Defendant, dissatisfied with her attitude and performance, beat her about the back and buttocks with a length of rope in order to motivate her to do better. After the beating, she agreed to go back out on the streets to solicit customers. She testified that she had sexual intercourse that evening with two men.

The next day, May 24, 1973, the complainant was back at work on the streets. While standing in front of Stack's Tavern on the corner of Williams

---

[1] ORS 167.017 (1) provides in pertinent part that "(1) a person commits the crime of compelling prostitution if he knowingly (a) uses force or intimidation to compel another to engage in prostitution * * *."

Avenue and Fremont, she was questioned by a police officer. She told him, Officer Webber, that she was being forced by defendant to work as a prostitute and that defendant had beaten her. She then accompanied Officer Webber to the station where she filed a complaint against defendant.

The issue at bar is whether the complainant's testimony was sufficiently corroborated so as to meet the requirements of ORS 167.022. Resolution of this issue requires a consideration of the apparent legislative intent in enacting the statute.

Prior to the enactment of ORS 167.022, corroboration was required in a prosecution for inveigling, enticing, or taking away an unmarried female for the purpose of prostitution, former ORS 167.140, but it was not required in other prostitution prosecutions. *State v. McCowan,* 203 Or 551, 280 P2d 976 (1955). The Commentary to the Proposed Oregon Criminal Code at 243 indicates that the purpose of ORS 167.022 was to continue and expand the corroboration requirement of former ORS 167.140:

> "Section 253 continues and expands the corroboration requirement presently applicable to certain felony prostitution statutes. The corroboration requirement is not usually applied in other areas of sexual misconduct. The ordinary complainant in a sex case has been victimized by an isolated criminal act; corroborating evidence is often sparse or non-existent. To make out the crime of promoting or compelling prostitution, an additional affirmative act must be shown—the act or attempted act of prostitution itself. It is not unreasonable to require the state to prove by independent evidence that an act or attempted act of prostitution did, in fact, occur."

■ The corroborative evidence required by former ORS 167.140 was "evidence tending to connect the defendant with the commission of the crime." Thus, a fair summary of the legislature's intent is that there must be independent evidence that an act or attempted act of prostitution occurred, and that defendant was connected with that act or attempted act.

■ As to the quantum of evidence required, the corroboration requirement of ORS 167.022 is met if there is any corroborative evidence which fairly and legitimately tends to connect the defendant with the commission of the crime. It is not necessary that the corroborative evidence be adequate, in itself, to support a conviction. *State v. Caldwell,* 241 Or 355, 405 P2d 847 (1965).[2]

Here, the victim's testimony that she engaged in prostitution as a result of defendant's beating her, was corroborated in each respect.

As to an "attempted act of prostitution," Officer Webber testified that he observed the victim standing in front of Stack's Tavern on the corner of Williams Avenue and Fremont. According to Officer Webber, she was loitering in front of the tavern in the manner of a prostitute. As Officer Webber put it,

> "She was loitering on a corner that is probably the most frequently used street corner by prostitutes in the entire City of Portland.
> "I have worked that district for two and a half

---

[2] *Caldwell* dealt with the evidence necessary to corroborate accomplice testimony. That this standard was intended to apply to the corroboration requirement of ORS 167.022 is shown by the Commentary to Section 253 of the Proposed Oregon Criminal Code, and by the minutes of the Criminal Law Revision Commission's discussion of this section. *See* Minutes, Jan. 9, 1970, at p. 8.

years and have probably observed no less than 150 different prostitutes that work that very same corner. There is a very, very strong similarity in the way that all of them work. They all stand and loiter in a very similar manner. It just stands out, like a sore thumb."

■ Officer Webber's testimony also corroborates her testimony as to her connection with defendant. She testified that defendant decided where she would work, and then remained in the area where she did her soliciting. Webber's observation corroborates this detail. Immediately prior to seeing the victim, Officer Webber had recognized defendant walking north on Williams Avenue towards, and within two blocks of, Fremont Street. After his conversation with her, and just prior to driving her to the police station, Webber again looked for defendant and saw him walking away from the victim and the police car at the corner. While that evidence of defendant's connection with the crime may be scant, it is sufficient to satisfy the standard for corroborative evidence under *Caldwell*.

This corroborative evidence on each point was therefore sufficient to meet the standard of ORS 167.022.

Affirmed.