Argued August 19, reversed September 20, 1976

# STATE OF OREGON, *Respondent,*
*v.*
# GEORGE MONTGOMERY, *Appellant.*
## (No. C 75-12-3813 Cr, CA 6241)
554 P2d 578

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals from a conviction of attempting to promote prostitution. ORS 167.012.

The relevant facts are as follows:

On December 1, 1975, defendant was arrested after he had engaged in a brief conversation with Officer Venemon, a plainclothes female vice officer. The incident occurred in the Greyhound bus depot in southwest Portland. At the conclusion of the conversation defendant and Officer Venemon started for the door of the depot, Officer Venemon gave a prearranged signal, and defendant was arrested by Vice Officers Hentschell and Angland and two uniformed officers for promoting prostitution in violation of ORS 167.012.

The substance of the conversation between defendant and Officer Venemon is contested. Officer Venemon maintains that defendant solicited her to work for him as a prostitute, and agreed to receive money from her for her services as a prostitute. Defendant maintains that Officer Venemon asked him for directions to Park Avenue, and that he was arrested when he was pointing out the location of that street.

It was stipulated at trial that Officer Angland would testify that he saw but did not hear the disputed conversation and that in his experience as a vice officer the Greyhound bus depot is known as a high vice area.

At the conclusion of trial on stipulated facts the trial court found defendant guilty of attempting to promote prostitution and found corroborative evidence in the proximity of the parties, the fact that they were engaged in conversation and the fact that the Greyhound bus depot is known as a high vice area.

The issues on appeal are whether the corroboration requirement of ORS 167.022 must be met when the conviction is for the inchoate crime of attempting to

promote prostitution and, if it does apply, whether the requirement was met in this case. ORS 167.022 provides:

"A person shall not be convicted under ORS 167.012 or ORS 167.017 solely on the uncorroborated testimony of the person whose prostitution he is alleged to have promoted or compelled."

Defendant was convicted of the inchoate crime under ORS 161.405(1), the substantive offense being the agreement to receive money derived from prostitution under ORS 167.012(1)(c). The state argues that since ORS 167.022 by its terms refers only to the substantive offense, corroboration is not required where conviction is for the inchoate offense. We cannot agree that this result was intended.

■ The rationale for the corroboration requirement is to protect against false complaints and complaints motivated by revenge and bias. *See,* Criminal Law Revision Commission, *Prostitution and Related Offenses,* Preliminary Draft No. 1, § 7, p 41 (August 1969). This rationale extends as strongly to the charge of an attempt to promote prostitution as it does to a charge of the substantive offense.

The legislative history of ORS 167.022 supports our conclusion that the corroboration requirement applies when the inchoate offense is charged. The Criminal Law Revision Commission's Preliminary Draft No. 1 notes that:

"Since the Attempt Article relates to the substantive offense attempted, it is presumed that the corroboration rule would apply equally to an attempt to promote or compel prostitution." Criminal Law Revision Commission, *Prostitution and Related Offenses,* Preliminary Draft No. 1, § 7, p 41 (August 1969).

Similar language is perpetuated in that Commission's Preliminary Draft No. 2 (December 1969) and in the February 1970 Tentative Draft No. 1. The fact that the Final Draft and Report of the Proposed Oregon Criminal Code (1970) does not contain a consideration of the

[ 820 ]

applicability of the corroboration rule to attempts does not alter the presumption early recognized by the drafters.

■ We next consider whether the corroborative evidence in this case was sufficient to meet the requirement of ORS 167.022 as discussed in *State v. Patrick,* 17 Or App 291, 521 P2d 1311, Sup Ct *review denied* (1974). In *Patrick* we stated that

"\* \* \* the corroboration requirement of ORS 167.022 is met if there is any corroborative evidence which fairly and legitimately tends to connect the defendant with the commission of the crime. It is not necessary that the corroborative evidence be adequate, in itself, to support a conviction. \* \* \*" 17 Or App at 294.

In *Patrick* we found corroborative evidence in the fact that the complaining witness was loitering on a street corner frequented by prostitutes and in the manner of a prostitute, and that defendant remained in the area where the complaining witnesses solicited. The evidence of defendant's connection with the crime was characterized as scant but sufficient.

In this case, unlike *Patrick,* there is no evidence other than the stipulated testimony of Officer Venemon which tends to connect the defendant with the commission of a crime. The fact that defendant conversed with Officer Venemon in the Greyhound bus depot simply does not indicate criminal activity. The statute requires some independent evidence that indicates that defendant was engaging in criminal activity. We can find none here.

■ Finally, the state argues that this requirement should not apply where the complaining witness is a police officer. This would be an untenable position. It may well be that the legislature in prescribing the above requirement did not contemplate that the female being solicited might be an undercover police officer. But we cannot ignore the corroboration requirement for that reason. In the absence of some corroborative evidence or an appropriate exception in

ORS 167.022, we have no choice but to set aside defendant's conviction.

Reversed.