STATE OF HAWAII, Plaintiff-Appellee, *v.* RONALD ALEXANDER, also known as Thomas Leslie and Larry Leslie, Defendant-Appellant

NO. 6504

JUNE 6, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND KOBAYASHI
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY MENOR, J.

The defendant was convicted in a jury-waived trial of three counts of promoting prostitution in the second degree in violation of HRS § 712-1203(1).[1] He was thereafter sentenced to extended terms of ten years on each count to run concurrently. He appeals from the judgment and sentence of the trial court and from the denial of his motion for a new trial.

On appeal, the defendant challenges the sufficiency of the evidence leading to his conviction. He also questions the sufficiency of the evidence to support the imposition of

---

[1] HRS § 712-1203 Promoting prostitution in the second degree. (1) A person commits the offense of promoting prostitution in the second degree if he knowingly:

(a) Advances or profits from prostitution by managing, supervising, controlling, or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving *prostitution activity by two or more prostitutes;* or

(b) Advances or profits from *prostitution of a person less than eighteen years old.*

(2) Promoting prostitution in the second degree is a class C felony. (Emphasis added)

extended terms under HRS § 706-661[2] and HRS § 706-662(4).[3] He alleges further that the trial court's denial of his motion for a new trial constituted an abuse of discretion.

I.

The defendant was charged with promoting the prostitution of two or more unnamed women in Count I of the indictment; of Susan Kuwada, a minor, in Count II; and of Marie Dunbar, a minor, in Count III. The record shows that at varying periods of time a number of women lived at the defendant's residence and worked for him as prostitutes. Among them were Rebecca French, Susan Kuwada, and Laura Decker. All three testified at trial and established the fact that the defendant had been promoting prostitution in the second degree, as charged in the indictment. At issue, however, is whether their testimony was corroborated as required by HRS § 712-1205 which provides:

A person shall not be convicted of promoting prostitution, in any degree, or of attempt to commit any such offense,

---

[2] HRS § 706-661 Sentence of imprisonment for felony; extended terms. In the cases designated in section 706-662, a person who has been convicted of a felony may be sentenced to an extended indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

    (1) For a class A felony — life;

    (2) For a class B felony — twenty years; and

    (3) For a class C felony — ten years.

The minimum length of imprisonment shall be determined by the board of paroles and pardons in accordance with section 706-669.

[3] HRS § 706-662 Criteria for sentence of extended term of imprisonment for felony.

    *    *    *    *

    (4) Multiple offender. The defendant is a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted. The court shall not make such a finding unless:

        (a) the defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony; or

        (b) the maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively would equal or exceed in length the maximum of the extended term imposed, or would equal or exceed forty years if the extended term imposed is for a class A felony.

police resumed their surveillance of the house and again saw Susan Kuwada, Marie Dunbar, and Aileen Kuwada on the defendant's premises.

## II.

The defendant has also challenged the imposition of the extended terms on the ground that there was no showing that his criminality was "so extensive" as to warrant extended punishment. HRS § 706-662(4). We find no merit in this contention.

In *State v. Huelsman*, 60 Haw. 71, 588 P.2d 394 (1978), we attempted to clarify HRS § 706-662(4)[4] under which the extended sentences here challenged were imposed. There we construed the broad term "warranted" in the statute to mean "necessary for the protection of the public," and implicit in the results we reached in that case was that where the sentencing court determined from the nature and the circumstances surrounding the commission of the offenses for which the defendant was being sentenced that extended terms would be necessary for the protection of the public, the court could impose such punishment upon the defendant. In *Huelsman*, the defendant was being sentenced on one count of robbery in the second degree, two counts of kidnapping, and one count of assault in the first degree. We remanded the case for a determination by the sentencing court of whether extended terms were necessary for the protection of the public.

To lay to rest any doubt that may still exist as to what was intended in *Huelsman*, we hold that where the defendant is being sentenced for two or more felonies, or is already under

---

[4] HRS § 706-662(4) provides in pertinent part:

(4) Multiple offender. The defendant is a multiple-offender whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted. The court shall not make such a finding unless:

(a) the defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony;

118

sentence of imprisonment for felony, *see* Commentary on HRS § 706-662, and the sentencing court further finds, from the defendant's past criminal history or from the nature and circumstances surrounding the commission of the offenses for which he has been convicted, that he has exhibited a callous disregard for laws enacted for the safety and welfare of society *and* that his incarceration for an extended term is necessary for the protection of the public, the requirements of HRS § 706-662(4) will have been satisfied. In evaluating the defendant's character and scope of criminality and in predicting his future conduct, the sentencing court is to be guided by ordinary sentencing principles, *State v. Huelsman, supra,* and it "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Grayson,* 438 U.S. 41, 50 (1978).

The defendant here was being sentenced for three separate felonies. The record also shows that he had previously been convicted of a felony in the California courts. He was a pimp and a panderer for whom the promotion of vice and the purveyance of sex had become a profitable way of life. He was an instrument of moral corruption and degradation, and the trial court implicitly so found. The more women he had working for him, the more he profited from his illegal operations. And it made no difference to him that some of them were barely into their teenage years. Laura Decker, for one, was only thirteen years old and Susan Kuwada and Marie Dunbar were both only sixteen. That he was also physically abusive towards his employees is evident from the record. Rebecca French, for example, testified that on several occasions the defendant beat her for failing to meet her earnings quota. In one instance he struck her with a pool stick and on another, with a metal bow and a gun. A particularly severe beating was administered by the defendant on still another occasion when Rebecca was unable to post her own bail following an arrest for prostitution. For a time thereafter she was compelled to carry on with her prostitution activities sporting bruises and black eyes. The defendant's violent displays of displeasure were not reserved solely for Rebecca, and this was attested to

by Laura Decker. Neither were his criminal activities limited to beatings and illicit sex. Rebecca French testified:

Q. Did the defendant ever give you any drugs while you were working for him?

A. Yes, he did.

    \*    \*    \*    \*

Q. How were these drugs given to you?

A. Either through pill form or injections.

Q. Do you know — injections of what?

A. As far as I know, they were cocaine.

Q. Did you inject yourself?

A. No I didn't.

Q. Who injected you?

A. Ronald Alexander.

Under these circumstances the trial court was justified in concluding that the defendant's criminality was so extensive as to warrant the imposition of extended terms.[5] HRS § 706-662(4).

Affirmed.

*Philip D. Bogetto* for defendant-appellant.

*Peter B. Carlisle,* Deputy Prosecuting Attorney for plaintiff-appellee

---

[5] We find the defendant's contention that the trial court erred in denying his motion for new trial to be completely without merit.