STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT CHARLES PARADIS, also known as Bobi Paradise, Defendant-Appellant

NO. 10221

(CRIMINAL NO. 59927)

OCTOBER 31. 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Robert Charles Paradis (Defendant) appeals his conviction of two counts of Promoting Prostitution in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1203(1)(b) (1976).[1] HRS § 712-1205 (1976)[2] provides that a defendant shall not be convicted of promoting prostitution "solely upon the uncorroborated testimony" of his prostitute. The dispositive issue on appeal is whether HRS § 712-1205 permits the testimony of one of defendant's prostitutes to be corroborated by the testimony of another of defendant's prostitutes. We answer no and reverse.

I.

On January 25, 1984, a five-count indictment was returned against Defendant. Each count charged that he "did knowingly advance or profit from prostitution" of a named male who was less than 18 years of age. The named males were Sherman (count I), Bernard (count II), Loren (count III), Robert (count IV), and James (count V).

At the jury waived trial, the State presented the testimony of the five named males. The States rested without presenting any other evidence. The trial court granted Defendant's motion for judgment of acquittal as to counts I, II, and III. Defendant testified on his own behalf and called his friend Charles Mailo (Mailo) as a witness. The trial court found Defendant guilty of counts IV and V.

---

[1]Hawaii Revised Statutes (HRS) § 712-1203(1)(b) provides:
Promoting prostitution in the second degree.  (1) A person commits the offense of promoting prostitution in the second degree if he knowingly:

\* \* \*

(b) Advances or profits from prostitution of a person less than eighteen years of age.

[2]HRS § 712-1205 reads:
Promoting prostitution; corroboration.  A person shall not be convicted of promoting prostitution, in any degree, or of attempt to commit any such offense, solely upon the uncorroborated testimony of a person whose prostitution activity he is alleged to have advanced or attempted to advance, or from whose prostitution activity he is alleged to have profited or attempted to profit.

In denying Defendant's post-trial motion for judgment of acquittal, the trial court concluded, *inter alia,* as follows:

2. Under Section 712-1205, *H.R.S.,* corroborative evidence for Counts IV and V was presented by the State through the trial testimonies of Loren . . ., Bernard . . . and Sherman . . . .

3. Under Section 712-1205, *H.R.S.,* the trial testimonies of Robert . . . and James . . ., the juvenile male prostitutes named in Counts IV and V, corroborated the testimony of each other.

Defendant was sentenced to a concurrent prison term of ten years. His timely appeal followed.

## II.

During oral argument, the State's counsel admitted that the testimony of Defendant and Mailo did not corroborate the testimony of the five named males. Thus, the sole issue involves the statutory construction of HRS § 712-1205—can the testimony of Robert and James be legally corroborated by the respective testimony of Sherman, Bernard, and Loren and can the testimony of Robert and James be legally corroborated by the respective testimony of each other?

In *State v. Alexander,* 62 Haw. 112, 612 P.2d 110 (1980), the indictment charged the defendant with promoting the prostitution of two or more unnamed women in count I, of a minor Susan Kuwada in count II, and of a minor Marie Dunbar in count III. Susan Kuwada, Rebecca French, and Laura Decker, who had lived at the defendant's residence and worked for him as prostitutes, testified at trial. The State argues in this case that *Alexander* did not determine whether the testimony of one of the defendant's prostitutes may be corroborated by that of another of his prostitutes under HRS § 712-1205. We disagree.

In *Alexander,* although it did not expressly discuss the construction of HRS § 712-1205, the supreme court unequivocally stated, "The statute, in essence, proscribes the conviction of an alleged panderer solely on the uncorroborated testimony of *his prostitutes*." *Id.* at 115, 612 P.2d at 112 (emphasis added). The court thus posed the issue to be "whether their [the prostitutes'] testimony was corroborated as required by HRS § 712-1205[.]" *Id.* at 114, 612 P.2d at 112. It then held that the prostitutes' testimony was corroborated by testimony of Mary Pestana and Detective Barker, documentary evidence consisting of hotel receipts and two "trick books," and discernible fingerprints on one of the trick

books identified as those of two prostitutes.

In our view, the supreme court in *Alexander* implicitly construed HRS § 712-1205 to preclude one prostitute from corroborating the testimony of another prostitute. Such construction follows from the statement in the commentary on § 712-1205 that "[r]elying solely on such [uncorroborated] testimony [of a prostitute] presents grave risks." An appellate court has stated that "[t]he rationale for the corroboration requirement is to protect against false complaints and complaints motivated by revenge and bias." *State v. Montgomery,* 26 Or. App. 817, 818, 554 P.2d 578, 579 (1976). If a prostitute's testimony presents grave risks, how can it logically corroborate another prostitute's testimony?

Since the testimony of Sherman, Bernard, and Loren was not legally corroborative of the testimony of Robert and James and Robert and James could not corroborate each other's testimony, the trial court erred in convicting Defendant on counts IV and V.[3]

Reversed.

*Philip D. Bogetto* for defendant-appellant.

*Willard J. Peterson (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

---

[3]Since Defendant's conviction is being set aside, discussion of the other issues raised on appeal is unnecessary.