STATE OF HAWAII, Plaintiff-Appellee, *v.* RUSSELL A. HUELSMAN, also known as Russell Apo Huelsman, Defendant-Appellant

NO. 6219

JANUARY 5, 1979

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. Appellant seeks a rehearing solely upon the question of the procedural steps contemplated by this court's construction of HRS § 706-662(4), pursuant to which the first sentence of the subsection is to be read: "The defendant is a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public." Appellant suggests that the opinion contemplates a separate step in the sentencing proceeding, following the court's determination that a defendant is a multiple offender and before the court considers whether an extended term is necessary for protection of the public, in which a determination is to be made by the sentencing court with respect to the extent of the defendant's criminality. Clarification of the opinion in this respect is requested for the guidance of the sentencing court in further proceedings in these cases.

Although the question raised is one which, in our view, finds a ready answer in the opinion, the extended history of these cases moves us to respond to the petition with the requested clarification. As was said in the opinion, the determination that the defendant's criminality was so extensive that a sentence of imprisonment for an extended term should be imposed is subject to the procedural standards of ordinary sentencing. Those matters which are subject to the standards of ordinary sentencing are to be dealt with in the second step of the two-step procedure described in the opinion. The extensiveness of the defendant's criminality is before the

sentencing court for consideration in this step of the proceeding only as it bears upon the question of the necessity of an extended term for protection of the public. A separate step for consideration of the defendant's criminality alone has no place in the sentencing procedure.

The petition for rehearing is denied.[1]

---

[1] Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."