<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000718
15-MAR-2021
07:45 AM
Dkt. 65 SO**</span>

NO. CAAP-19-0000718

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAUL MANUEL RIOS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-19-01049)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Raul Manuel Rios (**Rios**) appeals

from the Notice of Entry of Judgment and/or Order and

Plea/Judgment entered on September 24, 2019 (**Judgment**), and

Amended Notice of Entry of Judgment and/or Order and

Plea/Judgment entered on November 7, 2019 (**Amended Judgment**), in

the District Court of the First Circuit, Honolulu Division

(**District Court**).[1]

---

[1] The Honorable Harlan Y. Kimura presided.

On April 1, 2019, Rios was charged by Complaint with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2019).[2]

Rios raises a single point of error on appeal, contending that there was not substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rios's point of error as follows:

The Hawaiʻi Supreme Court has long held:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt,

---

[2]     HRS § 291E-62(a) provides, in relevant part:

> **§ 291E-62  Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:
>
>> (1)    In violation of any restrictions placed on the person's license;
>>
>> (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

> but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

Rios argues that the State of Hawaiʻi (**State**) failed to adduce substantial evidence that (a) Rios was the person identified in the exhibits purporting to establish that his license was revoked, and/or (b) Rios recklessly operated his vehicle while his license was revoked.

Rios cites State v. Pantoja, 89 Hawaiʻi 492, 974 P.2d 1082 (App. 1999), a case in which this court examined the sufficiency of the evidence identifying the defendant as the same person who was previously convicted of the relevant offense. In Pantoja, we noted that the fact that a defendant has the same name as the previously convicted individual is insufficient and there must be other evidence tying the defendant to the prior conviction. Id. at 495, 974 P.2d at 1085 (citing State v. Nishi, 9 Haw. App. 516, 528, 852 P.2d 476, 482 (1993)).

Here, Honolulu Police Department (**HPD**) Officer Mark Borowski (**Officer Borowski**) testified that he stopped Rios, Rios handed the officer an expired permit, and Rios admitted that he did not have a license.  Officer Borowski also identified Rios in court as the person stopped and arrested.  HPD Officer Arlene Ah You (**Officer Ah You**) testified that she was involved with Rios's prior arrest for  Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) and identified Rios in court.  Officer Ah You testified that, in conjunction with Rios's OVUII arrest, she personally read the Notice of Administrative Revocation form (**Revocation Form**) to Rios and both she and Rios signed the form. The Revocation Form was admitted into evidence, along with a certified Traffic Abstract generated on April 5, 2019 (**Abstract**), and a certified copy of the September 27, 2018 ADLRO Administrative Review Decision (**Decision**).  The Abstract contains, *inter alia*, Rios's name, driver's license number, social security number, and date of birth, as do the Decision and the Revocation Form.  This evidence, along with the two officers' testimony, was sufficient evidence to identify Rios as the same person whose license was revoked.

Rios also argues that the State failed to adduce substantial evidence that he was aware that his license had been revoked.  The state of mind required to establish an offense under HRS § 291E-62(a)(1) is not specified and, therefore, is

4

established if a person acts intentionally, knowingly, or recklessly. HRS § 702-204 (2014).

"A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist." HRS § 702-206(3)(b) (2014).

> A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

HRS § 702-206(3)(d) (2014).

Circumstantial evidence and reasonable inferences arising from the evidence of a defendant's acts, conduct, and all of the circumstances may be sufficient to establish the requisite state of mind. See, e.g., State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996).

Here, Officer Ah You testified that, on September 22, 2018, she read the Revocation Form to Rios and that he acknowledged that he received it and signed the form. The Revocation Form indicated that Rios was arrested for OVUII, and that Rios was unlicensed or his license was expired, as well as that a decision as to whether his license and privilege to operate a vehicle in the State would be administratively revoked would be mailed to him not later than eight days after the date of issuance of the Notice, *i.e.*, the Revocation Form. Thus, Rios consciously disregarded a substantial and unjustifiable risk that

his license was revoked when he drove his car five months later when he was stopped and arrested by Officer Borowski. Accordingly, even though there was no direct evidence that Rios was aware that his license had been revoked, we conclude that there was sufficient evidence that Rios consciously disregarded a substantial and unjustifiable risk that his license was revoked to support his conviction for OVLPSR-OVUII.

For these reasons, the District Court's September 24, 2019 Judgment and November 7, 2019 Amended Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, March 15, 2021.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge