**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000459**
**30-SEP-2022**
**07:45 AM**
**Dkt. 68 SO**

NO. CAAP-21-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MONICA ALVES PERALTO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5PC970000156)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant, Monica Alves Peralto (**Peralto**) appeals from the June 22, 2021 Order Re-sentencing Defendant Monica Alves Peralto (**Resentencing Order**) filed and entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1] This appeal concerns a resentencing hearing conducted after the Circuit Court granted Peralto's Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition. On appeal, Peralto contends that the Circuit Court erred and abused its discretion in sentencing Peralto to consecutive, rather than concurrent, terms of imprisonment.

Upon careful review of the record on appeal and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Peralto's contention of error as follows, and affirm.

---

[1] The Honorable Randal G.B. Valenciano presided.

Following a 1998 jury trial,[2] Peralto and her then-husband Mitchell Peralto were found guilty as charged of Kidnapping and Murder in the Second Degree (**Murder Second**), and Peralto was sentenced to an extended sentence of life imprisonment with the possibility of parole (**life with parole**) for Kidnapping and to an extended sentence of life imprisonment without the possibility of parole (**life without parole**) for Murder Second, ***with both sentences to run consecutively***.

On direct appeal in 2001, the Hawaiʻi Supreme Court affirmed Peralto's conviction of, and extended sentence for, the Kidnapping count; but vacated the extended sentence for Murder Second and remanded for resentencing. State v. Peralto, 95 Hawaiʻi 1, 8, 18 P.3d 203, 210 (2001), abrogated on other grounds by State v. Kato, 147 Hawaiʻi 478, 465 P.3d 925 (2020).

On remand in 2004, the Circuit Court resentenced Peralto to an extended sentence of life with parole for Kidnapping and to a non-extended sentence of life with parole for Murder Second, ***with both sentences to run consecutively***.

In 2019, following the supreme court's decision in Flubacher v. State, 142 Hawaiʻi 109, 414 P.3d 161 (2018),[3] Peralto filed a Rule 40 petition for relief, which the Circuit Court granted in part, vacating her extended term sentence of life with parole for Kidnapping and setting a resentencing hearing.[4]

---

[2] The Honorable George M. Masuoka presided over Peralto's 1998 trial and sentencing, and the 2004 resentencing.

[3] In Flubacher, the supreme court held that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the fact-finder rather than the sentencing judge must determine whether an "extended term sentence was necessary for the protection of the public" for extended term sentencing under HRS § 706-662. 142 Hawaiʻi at 118, 414 P.3d at 170. The Flubacher decision applied to all cases that were not "final" (affirmed on direct appeal) before the issuance of Apprendi on June 26, 2000. Id. at 118, 414 P.3d at 170.

[4] We take judicial notice of Peralto's Rule 40 petition filed in Special Proceeding No. 5PR191000003. Hawaiʻi Rules of Evidence Rule 201; See State v. Kwong, 149 Hawaiʻi 106, 117, 482 P.3d 1067, 1078 (2021) (noting that appellate courts may take judicial notice of court records not part of the record on appeal) (citation omitted) . According to the Circuit Court's
(continued...)

At the June 10, 2021 resentencing hearing, Peralto was resentenced to a non-extended 20-year sentence of imprisonment for Kidnapping, the non-extended sentence of life with parole for Murder Second remained the same, and the Circuit Court ordered ***both sentences to run consecutively***. Both the State and Peralto requested the Circuit Court to run the sentences concurrently. The Circuit Court explained its reasoning for consecutive sentencing orally at the hearing, and in its subsequently issued June 22, 2021 Resentencing Order that stated:

> 2. <u>Considering the factors from HRS §706-606, the factors on balance support consecutive sentencing</u>. Specifically:
>
> a. <u>The nature and circumstances of these two offenses are highly serious or extreme</u>.
>
> (1) One of Defendant Peralto's motives in killing [victim] is that she believed [victim] was working as a police informant. <u>This fact weighs in favor of consecutive sentencing and is relevant to two general factors: the nature and circumstances of the offense; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense</u>.
>
> (2) The defendants killed [victim] by beating her, binding her wrists, and taping her mouth shut. Then, plastic bags were tied or taped around her head. After the defendants bound and gagged her, and kidnapped her from Patty Lingaton's residence, they abandoned her body in an open area not far from the Lingaton residence. She eventually suffocated.
>
> b. <u>The following facts are relevant to the need for consecutive sentencing, to protect the public from further crimes of Defendant Peralto, and to afford adequate deterrence to criminal conduct</u>. Defendant Peralto engaged in extreme illegal behavior and there is a need to protect the public from her; and to deter her and others from this behavior in the future. <u>Consecutive sentencing promotes respect for the law</u>; and reflects the seriousness of Defendant Peralto beating another person and thereafter, taking that person's life; and provides just punishment. Although [victim] survived being beaten by the Defendants at Patty Lingaton's residence, the Defendants continued on with

---

[4](...continued)
February 11, 2021 Order Granting in Part Petitioner's April 30, 2014 Petition for Post-Conviction Relief, despite the holding in <u>Flubacher</u>, Peralto did not assert the argument made in her Rule 40 Petition that she was entitled to a jury determination of consecutive sentencing.

their plan to kill her, by thereafter suffocating her to death.  Consecutive sentencing in this case also promotes the concept that those who cooperate with law enforcement, such as informants, are protected by the law.

       3.    This Court expresses no opinion as to whether consecutive sentencing in this case will result in a sentencing disparity, when compared to other cases in Hawaiʻi in which defendants have been convicted [sic] kidnapping and murder.

       4.    <u>On balance, the factors in HRS §706-606 weigh in favor of consecutive sentencing in this case</u>.

(Emphases added).

On appeal, "[s]entencing decisions are reviewed under the abuse of discretion standard."  <u>State v. Hussein</u>, 122 Hawaiʻi 495, 503, 229 P.3d 313, 321 (2010).  Under HRS § 706-668.5(2) (2014),[5] when determining whether to impose multiple terms of imprisonment concurrently or consecutively, a court "shall consider the factors set forth in [HRS §] 706-606."  When imposing consecutive terms of imprisonment, "a court must state its reasons as to why a consecutive sentence rather than a concurrent one was required."  <u>Lewi v. State</u>, 145 Hawaiʻi 333, 350, 452 P.3d 330, 347 (2019) (quoting <u>Hussein</u>, 122 Hawaiʻi at 509, 229 P.3d at 328).

> [T]he dual purposes behind the requirement that reasons be stated for a court's imposition of a consecutive sentence are to "(1) identify the facts or circumstances within the range of statutory factors that the court considered, and (2) confirm for the

---

[5]    HRS § 706-668.5 states in pertinent part:

    **§ 706-668.5 Multiple sentence of imprisonment.**  (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

    (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

4

> defendant, the victim, the public, and the appellate
> court that the decision was deliberate, rational, and fair."

Id. (internal brackets omitted) (quoting State v. Kong, 131 Hawaiʻi 94, 102-03, 315 P.3d 720, 728-29 (2013)).

"'Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606.'" Kong, 131 Hawaiʻi at 102, 315 P.3d at 728 (brackets omitted) (quoting Hussein, 122 Hawaiʻi at 503, 229 P.3d at 321). However, "the sentencing court 'is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606[,]'" but rather must "'articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences.'" Lewi, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48 (quoting Kong, 131 Hawaiʻi at 102, 315 P.3d at 720).

Peralto raises numerous arguments why a consecutive sentence was inappropriate, including: that Peralto had "essentially no criminal record" prior to these offenses; that the Circuit Court based her sentence on "facts that were incorrect or had no bearing on consecutive sentencing," citing State v. Vellina, 106 Hawaiʻi 441, 106 P.3d 364 (2005);[6] that the Circuit Court erroneously concluded that consecutive sentencing was necessary to protect the public; that the Circuit Court did not explain its reasoning for consecutive sentencing per State v.

---

[6] In Vellina, the supreme court held that where there was nothing in the record to support the circuit court's conclusion that the defendant sold stolen firearms for drugs, and the court "'exceeded the bounds of reason'" in sentencing the defendant to consecutive sentences. 106 Hawaiʻi at 450, 106 P.3d at 373 (citation omitted). There was no trial in Vellina, no pre-sentence investigation report (**PSI**), and the prosecutor did not offer proof to substantiate the allegation. Id. Here, the record reflects that the updated PSI prepared for the 2021 resentencing included the PSI from Peralto's 1998 sentencing that contained a description of the incident. A court may consider arrest reports and "other hearsay 'information furnished to the court in a presentence diagnosis and report.'" State v. Pantoja, 89 Hawaiʻi 492, 498, 974 P.2d 1082, 1088 (App. 1999) (citations and brackets omitted). Thus, the fact that Peralto thought the victim was an informant was properly in the record before the Circuit Court to consider for purposes of consecutive sentencing. See id.

Barrios, 139 Hawaiʻi 321, 389 P.3d 916 (2016) and "failed to adequately specify how an additional 20 years was warranted";[7] that the Circuit Court should have considered that Peralto was "raped, assaulted, molested by several prison staff members and police officers while in custody" and that Peralto was "an exemplary inmate" who completely turned her life around; that the remaining HRS § 706-606 factors were "given short shrift by the court"; and that the Circuit Court "was confused as to whether it had discretion to remove the 'consecutive' designation from the sentences" Peralto had previously received.

Here, there is no indication in the record that the Circuit Court did not independently determine that consecutive sentencing was appropriate, or that the Circuit Court was confused about whether it had the discretion to not impose consecutive sentencing.  At the resentencing hearing, the Circuit Court stated, it "look[ed] at this case," and it "believe[d] that consecutive sentencing [wa]s appropriate" based on its review of the HRS § 706-606 factors.  The Circuit Court's Resentencing Order is clear and does not indicate any confusion, and reflects an analysis of all the sentencing factors the Court deemed appropriate and applicable.  The Circuit Court is presumed to have considered all factors before imposing the consecutive sentence.  See Kong, 131 Hawaiʻi at 102, 315 P.3d at 728.

Even though the Circuit Court is "not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606," Lewi, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48, the record reflects that the Circuit Court focused on the nature and circumstances of the offense under HRS § 706-606(1), to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

---

[7]    In Barrios, the supreme court held that prior to imposing multiple consecutive sentences, a sentencing court must explain its rationale for each consecutive sentence.  139 Hawaiʻi at 337, 389 P.3d at 932.  The supreme court vacated the defendant's sentence because the circuit court failed to adequately explain its rationale for each of the six consecutive sentences it imposed.  Id. at 338, 389 P.3d at 933.  This case did not involve imposition of multiple consecutive sentences, and Barrios is inapposite.

the offense under HRS § 706-606(2)(a). The Circuit Court cited Peralto's motive for killing the victim based on Peralto's belief that the victim "was working as a police informant"; the "extreme" circumstances of the offense where the defendants killed the victim "by beating her, binding her wrists, and taping her mouth shut," tying plastic bags around the victim's head; and that the defendants "bound and gagged" the victim, who "eventually suffocated." The Court considered the need to deter criminal conduct under HRS § 706-606(2)(b) and to protect the public from further crimes of the defendant under HRS § 706-606(2)(c), by referring to Peralto's "extreme illegal behavior," that warranted a "need to protect the public" from Peralto, and "to deter her and others from this behavior in the future[.]" Id. The Court pointed out that even after the victim "survived being beaten" by the defendants, they "continued on with their plan to kill her, by thereafter suffocating her to death." Id. Finally, the Court explained that: "Consecutive sentencing in this case also promotes the concept that those who cooperate with law enforcement, such as informants, are protected by the law." In summary, the Circuit Court sufficiently articulated its reasoning with respect to the HRS § 706-606 factors that it relied on in imposing Peralto's consecutive sentence. Id.; see also Kong, 131 Hawai'i at 102, 315 P.3d at 728.

The Circuit Court did not reference the hardships that Peralto endured while incarcerated or her prior criminal record, and the Circuit Court was not required to do so. See Kong, 131 Hawai'i at 102-03, 315 P.3d at 728-29 (citing Hussein, 122 Hawai'i at 509-10, 229 P.3d at 327-28); see also State v. Fetuao, No. CAAP-12-0001069, 132 Hawai'i 183, at *4 (App. Feb. 28, 2014) (SDO) (citing Kong, 131 Hawai'i at 103, 315 P.3d at 729) ("Although the Circuit Court did not specifically address certain facts in the record that may have weighed in Fetuao's favor with respect to other HRS § 706-606 factors, the Circuit Court is not required to do so."). The Circuit Court is only required to "identify[] the facts or circumstances within the range of statutory factors that the court considered . . . ," and the

7

Circuit Court did so in this case. <u>Lewi</u>, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48. We therefore conclude that the Circuit Court did not abuse its discretion in imposing consecutive sentences in resentencing Peralto. <u>See</u> <u>Hussein</u>, 122 Hawaiʻi at 503, 229 P.3d at 321; <u>Kong</u>, 131 Hawaiʻi at 102-03, 315 P.3d at 728-29.

For the foregoing reasons, the June 22, 2021 Order Resentencing Defendant Monica Alves Peralto, filed and entered by the Circuit Court of the Fifth Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Kai Lawrence,
(Kai Law),
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

8