Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000885
27-APR-2021
08:03 AM
Dkt. 95 SO

NO. CAAP-16-0000885

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOAQUIN AYRES JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTC-16-000749)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant, Joaquin Ayres, Jr. (**Ayres**), appeals from the December 15, 2016 Judgment and Notice of Entry of Judgment entered by the District Court of the Fifth Circuit (**District Court**).[1] In the Amended Complaint[2] filed May 31, 2016, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Ayres with a misdemeanor offense of Driving Without a Valid Driver's License (**DWOL**) in violation of Hawaii Revised Statutes (**HRS**) §§ 286-102

---

[1]    The Honorable Sara L. Silverman presided.

[2]    The Amended Complaint alleges that Ayres:

[D]id intentionally, knowingly, or recklessly operate a motor vehicle without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicle, thereby committing the offense of Driving Without License, **as a misdemeanor**, in violation of [HRS §] 286-102. JOAQUIN AYRES JR. is subject to sentencing in accordance with [HRS §] 286-136(b) where JOAQUIN AYRES JR. has **two or more prior convictions** for the same offense in the five-year period preceding the instant offense.

(Emphases in original).

(2007 & Supp. 2015) and 286-136(b) (2007).[3]  Following a jury-waived trial, Ayres was convicted as charged of DWOL as a misdemeanor for having two or more prior convictions, and sentenced as a repeat DWOL offender to 90 days in jail, a $55 Crime Victim Fee, a $7 Driver Education Assessment Fee, and a $60 Internet Crimes Against Children (**ICAC**) fee.  Ayres objected to the ICAC fee.  The District Court stayed Ayres' jail sentence pending this appeal, which Ayres timely filed.[4]

On appeal, Ayres contends that: (1) the Amended Complaint was defective; (2) the District Court erroneously admitted evidence of Ayres' driver's license record and two prior DWOL citations in violation of the hearsay rule and the confrontation clause; (3) there was insufficient evidence of Ayres' two prior DWOL convictions to support Ayres' conviction as a repeat DWOL offender under HRS § 286-136(b); (4) Ayres' trial counsel was ineffective for failing to object to the admission of Ayres' prior DWOL citations into evidence and for failing to challenge the defective complaint; and (5) the ICAC fee was a "fine" that violated HRS § 706-641, and Ayres' rights to substantive due process and equal protection under the federal and state constitutions.[5]

---

[3]  HRS § 286-102(a) provides that no person "shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles."

HRS § 286-136(b) provides:

> (b) Any person who is convicted of violating section 286-102 . . . shall be subject to a minimum fine of $500 and a maximum fine of $1,000, or imprisoned not more than one year, or both, if the person has two or more prior convictions for the same offense in the preceding five-year period.

[4]  Because Ayres challenged the constitutionality of the ICAC fee, the Attorney General of Hawaiʻi filed an amicus brief pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 44 and 28(g).

[5]  As to Ayres' points of error regarding the ICAC fee, we note that none of the arguments regarding the ICAC fee were made to the District Court. Ayres' trial counsel merely lodged an objection to the ICAC fee by stating "[o]ver objection still from counsel with regards to the ICAC fee, Your Honor."  None of the arguments raised on appeal were made below, and thus,

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and issues raised by the parties, as well as the relevant statutory and case law, we resolve Ayres' points of error as follows, and affirm in part and vacate in part.

The following facts were adduced at the December 15, 2016 trial. On April 28, 2016, Ayres was driving on Nawiliwili Road, County of Kauaʻi, when he was stopped by Kauaʻi Police Department Officer Aaron Lester (**Officer Lester**), who had observed expired "tags and safety." Officer Lester asked Ayres for his driver's license, registration, and insurance, none of which Ayres possessed. Ayres showed only a State ID card. The officer obtained Ayres' date of birth, "[X-XX]-56," from his State ID. Officer Lester issued citations for DWOL and No Motor Vehicle Insurance Policy.[6] In addition to Officer Lester, the State presented testimony from Michael Drake, County of Kauaʻi Chief Driver's License Examiner and Records Custodian (**Custodian of Records**). The Custodian of Records presented State's Exhibit P1, a certified copy of a driver's license record for "Joaquin Ayres Jr." and testified as to the content and maintenance of records such as Exhibit P1. The District Court admitted the following State's exhibits into evidence:

> P1     A certified driver's license status record on
>        file with the County of Kauai Department of
>        Finance for "Joaquin Costa Ayres, Jr."
>
> P3     A DWOL citation for 5DTC-13-002288 dated
>        September 10, 2013.

---

they are waived. See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at trial level precludes a party from raising that issue on appeal.").

[6]     The charge of having no motor vehicle insurance in violation of HRS § 431:10C-104(a) was dismissed at trial.

> P4 A certified judgment of a DWOL conviction for 5DTC-13-002288 dated July 1, 2014.
>
> P5 A DWOL citation for 5DTC-14-002825 dated June 4, 2014.
>
> P6 A certified judgment of a DWOL conviction for 5DTC-14-002825 dated September 10, 2015.

State's Exhibit P1, the driver's license record, was admitted under seal with no objection. However, Ayres objected to the admission of State's Exhibits P3, P4, P5, and P6 because they did not prove that the person referenced in those documents was Ayres. Ayres did not testify or present any evidence. The District Court found Ayres guilty.

## The Amended Complaint was Not Defective

Ayres contends, as plain error, that the Amended Complaint was insufficient because it failed to adequately apprise Ayres of the "case against him." Ayres claims that he was misled to believe that "he was being accused of violating HRS § 286-102 twice in the five years preceding the offense for which he was being tried, and, at trial, the State sought to convict him based on alleged convictions for violating HRS § 286-132[7] and HRS § 286-102." (footnote added). In other words, Ayres believed the evidence at trial did not correspond to what the State had charged. This contention is without merit.

Under the Motta/Wells liberal construction standard of review applicable to defective charge challenges raised for the first time on appeal, a charge is presumed to be valid. State v. Kauhane, 145 Hawaiʻi 362, 370, 452 P.3d 359, 367 (2019) (citing State v. Wheeler, 121 Hawaiʻi 383, 399-400, 219 P.3d 1170, 1186-87 (2009); State v. Motta, 66 Hawaiʻi 89, 657 P.2d 1019 (1983); State v. Wells, 78 Hawaiʻi 373, 894 P2d 70 (1995)). Under the

---

[7] HRS § 286-132 (2007), Driving While License Suspended or Revoked provides:

Except as provided in section 291E-62, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked.

4

Motta/Wells rule, a conviction will be vacated only if a defendant can show "(1) that the charge cannot reasonably be construed to allege a crime; or (2) that the defendant was prejudiced." Id. (citing Motta, 66 Haw. at 91, 657 P.2d at 1020).

In this case, the Amended Complaint sought sentencing as a repeat offender because Ayres had two or more convictions for the *same offense* (i.e. DWOL), within the last five years. See HRS § 286-102, HRS § 286-136(b). The Amended Complaint clearly apprised Ayres that he was being charged with DWOL under HRS § 286-102 and that the State was seeking repeat DWOL offender sentencing as a misdemeanor, under HRS § 286-136(b). The Amended Complaint properly alleged a crime citing the pertinent statute, and it also gave notice that repeat offender sentencing was being sought, citing the sentencing provision in HRS § 286-136(b). Thus, there was no Motta/Wells violation in the language of the Amended Complaint. See Kauhane, 121 Hawai‘i at 370, 452 P.3d at 367.

Consistent with the State's allegation in the Amended Complaint that Ayres had two or more prior convictions for the same HRS § 286-102 DWOL offense, the State introduced evidence at trial to prove that Ayres had two prior DWOL convictions, through Exhibits P3, P4, P5 and P6. Although Exhibit P1, the driver's license record, showed a prior conviction for Driving While License Suspended or Revoked under HRS § 286-132 and no prior DWOL convictions, the State also adduced evidence of two prior DWOL convictions through Exhibits P3, P4, P5 and P6. The evidence at trial did correspond to the repeat DWOL offense the State had charged, and there was no surprise as Ayres claims. Thus, there was no prejudice to Ayres under the Motta/Wells rule. See id. Ayres has not overcome the Motta/Wells presumption of validity that we apply to our review of the Amended Complaint that he challenges for the first time on appeal. See id. Ayres' contention that the State's Amended Complaint was defective is without merit.

### Exhibit P1, the Driver's License Record, was not Erroneously Admitted

Ayres contends that the driver's license record, Exhibit P1, was erroneously admitted in violation of the hearsay rule, the confrontation clause, and due to insufficient foundation. This contention is waived. Ayres claims that the error regarding admission of hearsay "was preserved at trial in this matter" and provides a citation to the record.[8] This was not accurate, however, because the record shows that *no* objection was lodged to Exhibit P1 at trial on hearsay grounds.[9] See

---

[8] Ayres did not include a quotation of the grounds urged below regarding the objection, which is required under HRAP Rule 28(b)(4)(A).

[9] The trial transcript reflects the following:

[PROSECUTOR]: Your Honor, at this time, the State is requesting to move State's Exhibit P1 into evidence. It is a certified copy of the documents from driver's licensing.

THE COURT: Yes.

Ms. [defense counsel].

[DEFENSE COUNSEL]: Your Honor, first, if you do accept, we would ask that it be redacted, there is some personal information.

[PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: That I would not want out.

THE COURT: Specifically?

[DEFENSE COUNSEL]: ID, especially the SS.

THE COURT: Is it in there?

[DEFENSE COUNSEL]: Yes.

[PROSECUTOR]: Yes, it is.

THE COURT: Yes, it is. Okay.

[PROSECUTOR]: In the alternative, State would not object to it being received under seal.

THE COURT: P1 will be received into evidence under seal, given that it concerns certain confidential information.

[DEFENSE COUNSEL]: Thank you, Your Honor.

There was no objection to the admission of Exhibit P1.

Hawai'i Rules of Evidence (**HRE**) Rule 103(a)(1) (requiring timely objection and specific ground of objection); Hoglund, 71 Haw. at 150, 785 P.2d at 1313.

Ayres does acknowledge in his point of error that his contentions regarding the confrontation clause violation and insufficient evidentiary foundation for the business records exception were not preserved and requests plain error review "with an eye toward Mr. Ayres' allegations of ineffective assistance of counsel." While Ayres presents argument on why the evidentiary foundation for Exhibit P1 was insufficient, no argument is made showing why or how this unpreserved objection meets the standard for plain error review on appeal. No argument is made regarding the claimed confrontation clause violation caused by the admission of Exhibit P1. Accordingly, we do not address Ayres' contentions as to Exhibit P1. See HRAP Rule 28(b)(7).

### Exhibits P3 and P5, Ayres' Prior DWOL Citations, Were Erroneously Admitted in Violation of the Confrontation Clause

Ayres contends that the two prior DWOL citations, Exhibits P3 and P5, were erroneously admitted in violation of the hearsay rule, confrontation clause, and due to insufficient foundation.[10] Ayres claims that Exhibits P3 and P5 were "testimonial," and thus, Ayres "had the right to confront the

---

[10] Similar to the previous point of error, Ayres claims the error regarding admission of hearsay "was preserved at trial" as to Exhibits P3 and P5. This was not accurate. Exhibit P3 was the citation in 5DTC-13-002288, and Exhibit P4 was a certified copy of the judgment for 5DTC-13-002288. When the State moved to admit these exhibits, trial defense counsel stated, "object for the record that they don't prove that the person that was cited on this day and with this conviction is the actual person that is on trial." This same "identification" objection was lodged to Exhibits P5 and P6, the citation and certified judgment for 5DTC-14-002825. While no hearsay objections were raised below as to Exhibits P3 and P5, see HRE Rule 103(a)(1), we address this issue infra in the context of testimonial hearsay and Ayres' constitutional right to confrontation.

As to Ayres' point of error that there was insufficient foundation for Exhibits P3 and P5, no argument is presented, and we will not address it. See HRAP Rule 28(b)(7).

authors of those documents" under the Sixth Amendment.[11] Ayres argues that the admission of the documents "constituted a plain error affecting a substantial right" and was not harmless beyond a reasonable doubt, since the District Court "considered and relied upon those exhibits when it convicted and sentenced" Ayres for a misdemeanor, as a repeat DWOL offender. Citing <u>State v. Souleng</u>, 134 Hawai'i 465, 471, 342 P.3d 884, 890 (App. 2015), which applied <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305, 321–22 (2009), Ayres argues that "police reports generated by law enforcement officials . . . do not qualify as business or public records" because they are created for use in court and are testimonial. The State does not advance any argument that the citations in Exhibits P3 and P5 are not testimonial. Rather, the State contends that "[e]ven assuming that the trial court plainly erred by admitting Exhibits P3 and P5 . . . in violation of the Confrontation Clause, sufficient evidence was nevertheless admitted to support the court's finding of two prior DWOL convictions[.]"

We conclude that Ayres' contention has merit. Exhibits P3 and P5 are prior DWOL citations given to an individual bearing the same name as Ayres. The exhibits were offered for their truth, i.e., to establish that an individual with the same name and the same identifying information as Ayres, was cited for DWOL under HRS § 286-102, on the date listed in each citation, under each respective citation number. Thus, the citation, authored by a citing officer as the declarant, constituted hearsay under HRE Rule 801. The prior DWOL citations in this case contained features of a charging instrument, probable cause affidavit, and

---

[11] The confrontation clause of article I, section 14 of the Hawai'i Constitution states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against the accused . . . ."

The virtually identical federal provision provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

a police report.  Each citation is entitled "Complaint,"[12] and includes the citing officer's sworn statement of the defendant's information, "Vehicle Information," "Law(s) Violated and Traffic Crime(s) Committed," details regarding the offense(s) charged including the "Officer's Statement of Facts," both the officer's and the defendant's signatures, and a summons stating the district court's location, and the date and time for the court appearance.

The prior DWOL citations in Exhibits P3 and P5 contained testimonial hearsay triggering Ayres' right to confront the officers who issued the citations under the federal confrontation clause.  See Crawford v. Washington, 541 U.S. 36, 42 (2004) (holding that the confrontation clause barred the "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant had a prior opportunity for cross-examination."); State v. Fields, 115 Hawaiʻi 503, 168 P.3d 955 (2007) (applying Crawford to testimonial hearsay statements). "Testimonial" means a "solemn declaration or affirmation made for the purpose of establishing or proving some fact."  Crawford, 541 U.S. at 51.  "Testimonial" statements include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial . . . ."  Id. at 52.  To the extent "the primary purpose" of the prior citations in Exhibits P3 and P5 "is to establish or prove past events potentially relevant to later criminal prosecution," they are testimonial.

---

[12]    The citations in Exhibits P3 and P5 contain the following standard form language at the very top:

> **COMPLAINT:**  The undersigned officer, on behalf of Plaintiff State of Hawaiʻi, declares under penalty of law that he/she has probable cause to believe and does believe that on the date, at the time, and under the conditions indicated, the named defendant did commit the criminal offense(s) noted below and that the same is true and correct to the best of his/her knowledge and belief.

Fields, 115 Hawaiʻi at 514, 168 P.3d at 966 (quoting Davis v. Washington, 547 U.S. 813, 822 (2006)).

"[T]he fact that the defendant had the identical name with an individual who had been previously convicted was insufficient, in and of itself, to authorize application of the enhanced punishment statute. Other evidence tying the defendant to the previously convicted individual is required." State v. Pantoja, 89 Hawaiʻi 492, 495, 974 P.2d 1082, 1085 (App. 1999). In this case, the State could not rely on Exhibit P1 to establish the prior DWOL convictions because they were not listed in that document. Nor could the State rely on the certified judgments for the prior DWOL convictions in Exhibits P4 and P6 to establish the identity of the individual therein as Ayres, because no other identifying information such as date of birth or social security number, appeared in those documents. The underlying citations (Exhibits P3 and P5) for the DWOL judgments in Exhibits P4 and P6, however, did contain identifying information necessary for the State to prove the common identity of the "Joaquin Ayres, Jr." named in all of the documents.

Thus, the prior DWOL citations in Exhibits P3 and P5 were used, not in the prosecutions arising out of those citations, but in a subsequent criminal prosecution to establish the identification necessary for repeat DWOL offender sentencing. Under these circumstances, Exhibits P3 and P5 did constitute testimonial hearsay, and the declarants were required to be produced and subject to cross-examination. See Fields, 115 Hawaiʻi at 503, 168 P.3d at 955. The officers who wrote the citations in Exhibits P3 and P5 did not testify, and were not shown to be unavailable. The District Court plainly erred in admitting Exhibits P3 and P5 without affording Ayres an opportunity to cross-examine the officers who wrote those citations, consistent with Ayres' substantial constitutional right to confrontation. See Crawford, 541 U.S. 36; Fields, 115 Hawaiʻi 503, 168 P.3d 955.

**Without Exhibits P3 and P5, There was Insufficient Evidence of Ayres' Two Prior DWOL Convictions**

Ayres contends that because Exhibits P3 and P5 were erroneously admitted into evidence, there was insufficient evidence to convict Ayres of misdemeanor DWOL for having two or more prior DWOL convictions. This contention has merit.[13]

"[W]hen an enhanced punishment for a particular criminal offense is sought because of a prior conviction, the present defendant must be the same person who was previously convicted." Pantoja, 89 Hawaiʻi at 494, 974 P.2d at 1084 (citation omitted). Thus, "proof of such identity is an essential part of the case for the prosecution." Id. (citation and brackets omitted). Under HRS § 286-136 and the Amended Complaint, the State was required to prove that Ayres had at least two prior DWOL convictions in the five-year period preceding the April 28, 2016 DWOL charge in this case. Because we have held that Exhibits P3 and P5 were improperly admitted, we cannot consider them in determining whether there was sufficient evidence to support Ayres' conviction as a repeat DWOL offender. See State v. Wallace, 80 Hawaiʻi 382, 414 n.30, 910 P.2d 695, 727 n.30 (1996). Without the citations, Exhibits P1, P4 and P6, which consist of Ayres' driving record and two certified judgments of DWOL convictions bearing the same name as Ayres -- constitute the remaining evidence of two prior DWOL convictions against Ayres. This evidence, as explained infra, does not

---

[13]    We reject the State's request that we take "judicial notice of the fact that a 'party ID' on court-issued Judgments of Conviction and dockets are unique to a single person" and that Ayres' "party ID in 5DTC-16-0000749 is 69861." The meaning of a "party ID" in the court's database is not a fact generally known or capable of accurate and ready determination under HRE Rule 201(b) and thus, judicial notice is inappropriate. See State v. Kwong, No. SCWC-19-0000334, 2021 WL 822541, at *10 (Haw. Mar. 4, 2021) (facts to be noticed must be "commonly known or easily verifiable") (citation omitted).

    We also reject the State's request that we take judicial notice of the underlying District Court audio-visual recordings for Exhibits P3 and P5, to match Ayres' identity to the prior convictions. The State did not ask the District Court to take judicial notice of these recordings or the "party ID" discussed supra. Appellate courts "rarely take judicial notice of acts presented for the first time on appeal[.]" Id. (citation omitted). We decline to do so in this appeal.

sufficiently establish that Ayres was the same individual identified in Exhibits P4 and P6, the two prior DWOL judgments. See Pantoja, 89 Hawaiʻi at 494, 974 P.2d at 1084.

"Unless conceded by the defendant, the State is required to show, by evidence satisfactory to the court, the fact of the defendant's prior conviction. Thus, the State must satisfactorily identify the defendant being sentenced to be the same person who was previously convicted." Pantoja, 89 Hawaiʻi at 495, 974 P.2d at 1085 (citation omitted). In State v. Nishi, 9 Haw. App. 516, 528, 852 P.2d 476, 482, reconsideration granted, 9 Haw. App. 660, 853 P.2d 543 (1993), this court held that where the prosecution failed to submit any evidence showing that Nishi was the same person who had been previously convicted as shown on the corrected copy of a traffic abstract, it was error to sentence the defendant as a second-time offender.

> Although we have stated above that a certified copy of a traffic abstract is satisfactory evidence to establish a prior No No-Fault Insurance conviction, the record discloses no evidence to tie Defendant with the Michael Nishi of the traffic abstract. The State presented no evidence of Defendant's driver's license number or social security number or birth date that could be compared with information appearing on the traffic abstract.

Id. at 528, 852 P.2d at 482.

In Pantoja, this court affirmed the sentence of defendant as a repeat prostitution offender, finding there was sufficient evidence in the record to establish beyond a reasonable doubt, that defendant had a prior prostitution conviction. Pantoja verified her name and admitted that she was arrested by the officer for the instant offense. 89 Hawaiʻi at 495-96, 974 P.2d at 1085-86. The Pantoja court noted that the certified abstract contained not only defendant's name, but also listed physical identifying information (height, weight) about the individual in the abstract. Id. at 496, 974 P.2d at 1086. The Pantoja court noted that the district court had the opportunity to evaluate whether defendant fit the physical description of the "Omi Pantoja" referred to in the abstract. Id. In addition, the abstract set forth the details and

12

disposition of Pantoja's prior prostitution conviction, and it also referred to the current offense. Id. at 496 n.4, 974 P.2d at 1086 n.4.

Most recently, in State v. Kam, 134 Hawaiʻi 280, 339 P.3d 1081 (App. 2014), we held that the State's evidence of a certified traffic abstract reflecting a prior 2011 conviction for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) together with a certified copy of the judgment for the conviction that was reflected in the abstract, along with a police report and administrative driver's license revocation documents that also were in evidence, all showing the same name, residence address, date of birth, and last four digits of the social security number as Kam, were sufficient to establish Kam's prior OVUII conviction, for the current offense of operating a vehicle after Kam's license had been suspended or revoked for OVUII.

In this case, the evidence sufficiently establishes that Ayres is the same person in Exhibit P1, the driver's license record, since the officer testified to Ayres' date of birth, which matched the date in Exhibit P1. State's Exhibit P1, however, reflects a conviction for Driving While License Suspended or Revoked under HRS § 286-132, and does not reflect any prior convictions for DWOL under HRS § 286-102. Therefore, this situation is unlike any of the precedent described supra in Nishi, Pantoja and Kam, where the prior convictions the State was required to prove, were listed in the criminal abstract or traffic abstract. State's Exhibits P4 and P6 are certified copies of judgments showing a DWOL conviction for someone with the same name as Ayres, however, they contain no other identifying information, besides the common name. The DWOL judgments of conviction in Exhibits P4 and P6 do not appear in Ayres' driver's license record in Exhibit P1. Because the evidence fails to establish that Ayres had two prior DWOL convictions in the preceding five years, the District Court erred in sentencing Ayres for a misdemeanor as a repeat DWOL offender under HRS § 286-136, and we vacate Ayres' sentence. See Pantoja,

13

89 Hawai'i 492, 974 P.2d 1082; Nishi, 9 Haw. App. 516, 852 P.2d 476.

### Ineffective Assistance of Counsel

Ayres contends that trial counsel's failure to raise potentially meritorious confrontation clause and hearsay objections and to challenge the State's defective amended complaint constituted ineffective representation that violated his due process and equal protection rights. Ayres argues that "if these objections were raised, it is at least 'possible' that the District Court would have refused to sentence Mr. Ayres as a misdemeanant[.]" Based on our resolution of the case, we need not address this point of error.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment filed on December 15, 2016 in the District Court of the Fifth Circuit, is affirmed in part with respect to Ayres' conviction for DWOL, and vacated in part as to Ayres' sentence, and we remand for resentencing as a petty misdemeanor under HRS § 286-136(a), in accordance with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 27, 2021.

On the briefs:

Matthew Mannisto
(Law Office of Matthew Mannisto)
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge